Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1857 | **DATE** | 10/18/2012 |
| **CASE TITLE** | Lee et al. vs. Moran Foods, Inc. et al. | | |

**DOCKET ENTRY TEXT**

Defendants motion for summary judgment [23] is granted in its entirety.

■[ For further details see text below.]   Docketing to mail notices. Mailed AO 450 form.

## STATEMENT

Before the Court is Defendants' motion for summary judgment. For the following reasons, the motion is granted in its entirety.

### I. BACKGROUND

Ladonna Lee ("Ladonna") and her then-7-year-old daughter, Carlonna Lee ("Carlonna"), entered SAVE-A-LOT grocery store ("Moran") at 420 South Pulaski Road in Chicago on August 6, 2009 sometime after 9 p.m. but before 10:30 p.m. Both went into the ladies bathroom so that Ladonna could use the toilet. The bathrooms were open to customers, who were free to enter and leave without a key. As Ladonna used the toilet, Carlonna washed her hands in the nearby sink. Carlonna testified that before using the sink, she noticed that the back of the sink had separated from the wall by approximately the length of a pen. After she turned the water off, the sink fell forward further. Carlonna was struck in the chest by the sink, but managed to hold up the sink as it pushed her back. Ladonna saw the sink fall forward and jumped up from the toilet to help her daughter. Ladonna grabbed the sink from the front and pushed her daughter out of harms way with her hips. Ladonna testified she then lowered the sink to the ground. Ladonna and Carlonna testified they had not noticed or heard of any problems with the sink prior to their use of the bathroom that day, nor did they hear any employees mention there had been problems with the sink prior to this incident.

Exhibits and testimony from store manager Anthony Brunson show that the store has a two-hour "floor sweep" policy, which means floors are swept and a log recording the times of sweeps is made. The store policy is that floor sweeps include inspection and cleanup of the bathrooms. Employees are to flush the toilet and test the sink faucet to make sure both are working properly. Employees are also supposed to wipe down the sink. A "clean sweeps" log from that week indicates the store sweep and inspection was completed at 6:07 p.m., 8:05 p.m. and 10:00 p.m. that night. The log indicates that Brunson himself performed the 6:07 p.m. inspection and also signed off as manager. Employee Emanuel Leeks (who is now deceased and was not deposed) performed the next two sweeps and Brunson signed off on them. Brunson testified he does not

remember the sink being separated from the wall during his inspection ending at 6:07 p.m. He was called to inspect the sink after the incident and said the sink was not on the ground, but was merely leaning away from the wall by about a foot or foot and a half. Brunson testified he had not heard of any problems with that sink prior to the incident, or heard of any repairs being done to the sink before the incident.

After the incident, Ladonna and her daughter did their shopping and left. Carlonna reports she sometimes now has chest pain with vigorous activity and Ladonna reports continuing back pain for which she has received moderately extensive treatment. They sue on a theory of premises liability (one count for each plaintiff) against Moran Foods, Inc. of Missouri, doing business as SAVE-A-LOT. Plaintiffs have agreed to drop any claims against Supervalu, Inc. Defendant Moran moves for summary judgment.

## II. LEGAL STANDARD

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Windle v. City of Marion*, 321 F.3d 658, 660-661 (7th Cir. 2003).

In a motion for summary judgment, Local Rule 56.1(b)(3)(B) requires that a party opposing summary judgment, if it disagrees with a movant's statement of fact, deny those facts in a numbered response with "specific references to the affidavits, parts of the record, and other supporting materials relied upon." L.R. 56.1(b)(3)(B). The local rule also requires that any additional facts establishing denial of summary judgment are required to be put forth by the non-movant in "a statement, consisting of short numbered paragraphs" and include "references to the affidavits, parts of the record, and other supporting materials relied upon." L.R. 56.1(b)(3)(C). The rule is not a "mere formality" and the Court is entitled to rely only on those facts properly submitted per Local Rule 56.1. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 922 *Delapaz v. Richardson*, 634 F.3d 896, 899, 924 (7th Cir. 1994).

## III. ANALYSIS

Moran moves for summary judgment on two grounds. First, it argues Plaintiffs have presented no evidence that Moran was negligent. That is, no evidence has been presented that the store knew of a dangerous condition in the store, or that it should have. Next, Moran argues that Carlonna's testimony that she noticed the sink was detached from the wall establishes that the sink was an open and obvious danger for which, by law, Moran is not liable.

### A. Local Rule 56.1

Before reaching the merits of this case, Defendants seek judgment based, in large part, on Plaintiffs' failure to adhere to Local Rule 56.1. The Court agrees that Plaintiffs did not adhere to the rule when they failed to respond to Defendants' facts and when they failed to create a statement of additional facts. Therefore, the Court accepts as true the statement of facts offered by Defendants and ignores the facts Plaintiffs attempt to offer in their memorandum. Ultimately, however, this ruling is not crucial. Even if the Court accepts the two pieces of "evidence" offered by Plaintiffs in their memorandum opposing summary judgment, it does not change the outcome, as will be seen below.

### B. Premises Liability

In a premises liability action, a plaintiff has the burden of proving (1) the existence of a condition that presents an unreasonable risk of harm to persons on the premises; (2) that the defendants knew, or should have known, that the condition posed an unreasonable risk of harm; (3) that the defendants should have anticipated that individuals on the premises would fail to discover or recognize the danger or otherwise fail to protect themselves against it; (4) a negligent act or omission on the part of the defendant; (5) an injury suffered by the plaintiff; and (6) that the condition of the property was a proximate cause of the injury to the

plaintiff. *Mueller v. Phar-Mor*, 794 N.E.2d 226, 231 (Ill. App. Ct. 2000) (upholding directed verdict on premises liability count when there was no testimony that store officials knew that sliding doors with a missing side panel presented a dangerous condition).

Here, there is no evidence Moran was aware of the dangerous condition, so it is a constructive notice case. In a case involving constructive notice, the time element to establish constructive notice is a material factor and it is incumbent upon the plaintiff to establish that the dangerous condition was present long enough to constitute constructive notice to the proprietor. *Tomczak v. Planetsphere, Inc.*, 735 N.E.2d 662, 668 (Ill. App. Ct. 2000).

Here, there is no evidence that the dangerous condition was present long enough to put Moran on constructive notice. To the contrary, the store's manager testified he did not see the sink separated from the wall when he performed his inspection around 7 p.m., and the Clean Sweep logs suggest that another employee performed inspections shortly before the incident. That necessitates summary judgment.

Additionally, there is no evidence, direct or circumstantial, as to how long the dangerous condition was even present. That, too, necessitates summary judgment. *See Culli v. Marathon Petroleum Co.*, 862 F.2d 119, 125 (7th Cir. 1988) (affirming summary judgment for defendant when evidence showed a gas station owner may have not exercised reasonable care by not looking for spills during the day and by not sweeping for at least nine hours, but still finding the ruling appropriate because there was no testimony as to how long the dangerous condition (spilled substance) had been present).

The *Culli* court found that, due to a cashier's frequent trips past the area where a substance was spilled, it was unlikely that the spilled substance had been there a long time. Therefore, the court concluded, it was unreasonable to conclude defendant proximately caused the injury, because the spill could have occurred just prior to the accident.

Here, Carlonna testified that when she approached the sink, it was pulled away from the wall about the distance of a pen. There was no testimony as to how many inches this constitutes, but the length of the average pen would make this a significant amount that would likely have been noticed during the checks that testimony and Defendants' log suggests took place within no longer than two hours of the incident. There is no evidence controverting the logs or the manager's testimony.

Because Plaintiff failed to establish notice, the Court need not reach the issue of whether the sink constituted an open and obvious danger.

As the Court noted, it has ignored Plaintiff's proffered "evidence" contained in their memorandum because it fails to adhere to Local Rule 56.1. But even if it were to consider this evidence, it would not change the outcome. Plaintiffs offer in that memorandum that Carlonna's testimony about the condition of the sink (pulled away from the wall a significant distance) creates a triable issue of material fact conflicting with the manager's testimony regarding the sink's when he saw it. The Court disagrees. There is no evidence or testimony to suggest that the condition Carlonna observed is inconsistent with the manager's prior observations of the sink. There is no evidence that a sink must pull away from a wall slowly, rather than suddenly. Indeed, as Carlonna testified, the sink moved from its position about a pen's length from the wall onto her chest suddenly and without notice.

Plaintiffs also offer photographs (taken the day after the accident) showing the sink on the floor to contradict the manager's testimony that it was not on the floor when he observed it after the accident. Where the sink ended up is irrelevant to the question of whether Defendant had notice a dangerous condition existed.

Thus, there is no issue of material fact surrounding the notice issue. Summary judgment is appropriate.

## IV. CONCLUSION

Plaintiffs have agreed to drop their claims against Supervalu. Summary judgment is granted for the remaining Defendant, Moran Foods.